IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**SCOTTY TYRONE SIMMONS**,

    **Petitioner,**

v.                                                     **Civil Action No. 1:15-cv-14315**

**B.J. JOHNSON, Warden,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are Petitioner Scotty Tyrone Simmons' ("Petitioner") Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, (ECF No. 1), Petitioner's Motion to Withdraw Petition for Writ of Habeas Corpus Under 28 U.S.C. 2241, (ECF No. 17)[1], and Petitioner's Motion to Withdraw Petition for a Writ of Habeas Corpus Under 28 U.S.C. 2241 Wherein Petitioner Requests that the Court Construe his Petition 2241 Petition [*sic*] as a Motion Filed Under 28 U.S.C. [*sic*], (ECF No. 19). In both of Petitioner's motions to withdraw, he requests that the Court construe his § 2241 petition as a motion filed under 28 U.S.C. § 2255 and transfer this action to the United States District Court for the Middle District of North Carolina. By Standing Order, this matter is referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and

---

[1] Attached to the motion is a proposed § 2255 motion. (ECF No. 17-1).

1

a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 4).

On March 9, 2016, after reviewing Petitioner's § 2241 petition, the undersigned entered a Memorandum Opinion, Order, and Notice concurring with Petitioner that his § 2241 petition should be construed as a motion under 28 U.S.C. § 2255 because his § 2241 petition attacked the validity of his sentence.[2] (ECF No. 18 at 1-2). Given that Petitioner had not previously filed a § 2255 motion, the undersigned recognized that the recharacterization notice requirements of *Castro v. United States* applied in this action. 540 U.S. 375, 383, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003); (ECF No. 18 at 2-3). Accordingly, Petitioner was notified that the undersigned would recommend to the presiding District Judge that Petitioner's pending § 2241 petition be recharacterized as a first § 2255 motion. (ECF No. 18 at 3). The undersigned also warned Petitioner about the effects of recharacterization in this action on any subsequent § 2255 motion filed by Petitioner. (*Id.* at 3-4). In addition, the undersigned provided Petitioner with notice of his ability to withdraw his § 2241 petition without recharacterization. (*Id.* at 4). Petitioner was ordered to notify the Court, in writing, by March 31, 2016 whether he wished to withdraw his § 2241 petition or proceed with recharacterization of the petition. (*Id.*) In the event that Petitioner wished to proceed with recharacterization, the undersigned instructed Petitioner to supplement his proposed § 2255 motion, (ECF No. 17-1), with any additional claims for relief by March 31, 2016. (ECF No. 18 at 4).

---

[2] The procedural history of Petitioner's underlying criminal conviction may be found in that document. (ECF No. 18 at 1-2). As pertinent here, the sentence that Petitioner disputes was entered in the United States District Court for the Middle District of North Carolina. (ECF No. 15 at 1). A motion filed pursuant to § 2255 must be filed in the district court that imposed the challenged sentence. 28 U.S.C. § 2255(a).

On March 31, 2016, in response to the undersigned's Memorandum Opinion, Order, and Notice, Petitioner filed a Motion to Withdraw Petition for a Writ of Habeas Corpus Under 28 U.S.C. 2241 Wherein Petitioner Requests that the Court Construe his Petition 2241 Petition [*sic*] as a Motion Filed Under 28 U.S.C. [*sic*]. (ECF No. 19). Therein, Petitioner reaffirms his request that his § 2241 petition be recharacterized as his first § 2255 motion and transferred to the United States District Court for the Middle District of North Carolina. (ECF No. 19 at 1). Furthermore, Petitioner acknowledges the consequences of recharacterization. (*Id.* at 1-2). Therefore, the undersigned **FINDS** that Petitioner understands the consequences of recharacterization, and Petitioner nevertheless desires to have his § 2241 petition recharacterized as a § 2255 motion and transferred to the Middle District of North Carolina.

A court may transfer an action over which it lacks jurisdiction to a court that may properly exercise jurisdiction if the transfer would be "in the interest of justice." 28 U.S.C. § 1631. The transfer of a matter is "in the interest of justice" when the claims raised are sufficiently meritorious and/or the petitioner would be procedurally barred from raising them anew in the proper district court if they were dismissed in the district contemplating transfer. *See Wilson v. Williamson*, Case No. 5:02-cv-1309, 2006 WL 218203, *2 (S.D.W.Va. Jan. 25, 2006). "[W]here a petitioner's right to the 'great writ' is at stake, there are few scenarios where it would not be in the interest of justice to transfer the petition to the proper court." *United States v. McNeill,* 523 F. App'x 979, 984 (4th Cir. 2013). Having reviewed Petitioner's § 2241 petition and proposed § 2255 motion, the undersigned cannot conclude that Petitioner's challenge to his increased base offense level under United

3

States Sentencing Guideline § 2K2.1(a)(2) is plainly meritless.[3] Thus, the undersigned **FINDS** that the transfer of this action to the Middle District of North Carolina is in the interest of justice.

Accordingly, the undersigned **RECOMMENDS** that the presiding District Judge **GRANT** Petitioner's Motion to Withdraw Petition for Writ of Habeas Corpus Under 28 U.S.C. 2241, (ECF No. 17), and Motion to Withdraw Petition for a Writ of Habeas Corpus Under 28 U.S.C. 2241, (ECF No. 19), to the extent that Petitioner seeks recharacterization of his § 2241 petition as a § 2255 motion; **TRANSFER** this action, including the § 2241 petition and the proposed § 2255 motion, to the United States District Court for the Middle District of North Carolina pursuant to 28 U.S.C. § 1631; and remove this action from the docket of the Court.

The Clerk is directed to send a copy of this Order to Petitioner and counsel of record.

**ENTERED:** April 1, 2016

Cheryl A. Eifert
United States Magistrate Judge

---

[3] Respondent's Response to Order to Show Cause raises the possibility that the Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) might be relevant to Petitioner's case. (ECF No. 15 at 6-8). In *Johnson*, the Supreme Court struck down on vagueness grounds the so-called residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e). 135 S.Ct. at 2563. The definition of "crime of violence" contained in the United States Sentencing Guidelines, and utilized by § 2K2.1(a)(2), also includes a residual clause with language identical to that held to be unconstitutionally vague in *Johnson*. U.S.S.G. § 2K2.1 cmt. n.1; § 4B1.2(a)(2); § 4B1.2 cmt. n.1. The Supreme Court recently heard oral arguments as to whether *Johnson* applies retroactively to cases on collateral review. *See Welch v. United States*, No. 15-6418.